IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS,

    Plaintiff,

v.                                                     No. CIV 09-0983 JB/LFG

RANDY SCOTT, CAROLYN INGRAM,
LOUISE B. SCHAFFER, ANTOINETTE
CORDOVA, SUSAN SUAZO-MARTINEZ,
COLLEEN MARTINEZ, AND KIMBERLY
MARTINEZ,

    Defendants.

## ORDER DENYING MOTION TO PROCEED IFP

**THIS MATTER** comes before the Court on *pro se* Plaintiff Nancy Lewis' Motion to Proceed *in forma pauperis* ("IFP"), filed October 13, 2009 (Doc. 2). Permission to proceed without prepayment of filing fees may be granted only if Lewis establishes that she is "unable to pay such fees," 28 U.S.C. § 1915(a)(1), and the case must be dismissed if the Court determines that her "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A).

Lewis' IFP application demonstrates that she receives $939.00/month from social security, but she put question marks regarding an amount that she receives from unemployment. See Motion at 2. In her response to an Order to Show Cause in another case regarding her right to proceed IFP filed the same day as this IFP application, however, Lewis stated that she has "current monthly figures of $404 for unemployment." Lewis v. Center Market, No. 09cv306, Equation: Good Cause Shown at 3, filed October 13, 2009 (Doc. 9). Lewis has no dependents, and she owns a car. See Motion at 1-2. She has monthly expenses of $549.00 for rent, utilities, medicare, and car insurance, and pays an additional $100.00/month on a debt of $1000.00. See id. at 3. Lewis stated in her

response to the show-cause order on October 13, 2009 that she has $3500.00 in the bank. See Equation: Good Cause Shown at 3-4.

The United States Supreme Court has long held that IFP should be granted only if a plaintiff "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). The Court concludes that the record establishes that Lewis has sufficient funds to pay both for the necessities of life and for filing those lawsuits that she deems important. See Burns v. United States, No. 09-5091, 2009 WL 2602318, at *1 (10th Cir. Aug. 25, 2009) (holding that, because the financial affidavit showed that the plaintiff had $3000.00 in his bank account, he had not demonstrated an inability to pay fees); Brewer v. City of Overland Park Police Dep't, No. 01-3055, 24 Fed. Appx. 977, 979 (10th Cir. Jan. 4, 2002) (affirming denial of motion to proceed IFP because the plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars," thereby demonstrating "sufficient income to pay the filing fees"). The Court must, therefore, deny the motion to proceed IFP and dismiss the case. See Trujillo v. Williams, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory); Lemons v. K.C. Mo. Police, No. 05-1254, 158 Fed. Appx. 159, 160, 2005 WL 3388580, **1 (10th Cir. Dec. 13, 2005) (stating that, if the plaintiff fails to sufficiently demonstrate an inability to pay filing fees, the Court should dismiss the complaint without prejudice, after which the plaintiff "may initiate a new action by 1) refiling his complaint and 2) paying the [] filing fee required under 28 U.S.C. § 1914 . . .").

**IT IS ORDERED** that Lewis's motion to proceed IFP (Doc. 2) is denied and the case is dismissed without prejudice under § 1915(e)(2)(A).

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Nancy Lewis
Espanola, NM

      *Pro Se Plaintiff*